IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00523-BNB

ERVIN LEE JONES,

    Applicant,

v.

BOBBY JOHNSON, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR - 5 2007

GREGORY C. LANGHAM
                CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Ervin Lee Jones, is a prisoner in the custody of the Colorado Department of Corrections at the Rifle Correctional Center at Rifle, Colorado. Mr. Jones has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Colorado state court criminal conviction. The court must construe the application liberally because Mr. Jones is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Jones will be ordered to file an amended application.

The court has reviewed the habeas corpus application and finds that the application is deficient because Mr. Jones fails to assert any claims for relief. Although Mr. Jones identifies four claims that he allegedly raised on direct appeal in the state courts, it is not clear that he intends to raise all of those claims in this action. The court

will not assume that Mr. Jones intends to raise all four claims in this action because he asserts that he did not raise all four claims in the Colorado Supreme Court on direct appeal. Therefore, it is not clear for which he claims he may have exhausted state court remedies.

Furthermore, Mr. Jones fails to assert specific facts in support of the claims he raised on direct appeal in the state courts to demonstrate that his federal constitutional rights have been violated. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Jones go beyond notice pleading. **See Blackledge v. Allison**, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Therefore, Mr. Jones will be ordered to file an amended application in which he identifies the claims for relief he is asserting and clarifies the specific facts that support each asserted claim. Accordingly, it is

ORDERED that Mr. Jones file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Jones, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Jones fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED March 22, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00523-BNB

Ervin Lee Jones
Prisoner No. 128611
Rifle Corr. Facility
200 County Road, #219
Rifle, CO 81657

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 4/5/07

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk